# IN THE UNITED STATES DISTRICT COURT

Colin Hawkins

v.

Federal Bureau of Investigation,
Christopher Wray - Director, and
Douglas Fender - Special Agent,
Matthew Hurd - O.I.P. Admin Appeal

Case: 1:20-cv-01483
Assigned To : Unassigned
Assign. Date : 6/3/2020
Description: FOIA/Privacy Act (I-DECK)

Complaint
(5 U.S.C. §552(a)(4)(B))

This action is for disclosure of certain F.B.I. records under the Freedom of Information Act, against the F.B.I. who is an agency of the United States of America.

This action is against the F.B.I. for improperly withholding from the complaintant-agency records which are exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 and impeachment material pursuant to Giglio v. United States, 405 U.S. 150, and in violation of complaintant's fifth amendment right to Due Process of Law.

This action is brought pursuant to 5 U.S.C. §552(a)(4)(B)

In both October and November of 2019 the complainant submitted a Freedom of Information Act request to the F.B.I. Records/Information Dissemination Section.
That request was closed on November 19, 2019.
On March 20, 2020 complaintant appealed the F.B.I.'s response.
On April 2, 2020 the Office of Information Policy affirmed.

(Page 1 of 7)

Complainant is currently a resident of Illinois and at all times relevant to the allegations of this complaint was a citizen of the United States of America.

1) The complainant was indicted on May 4, 2010 by a Grand jury, based on the testimony of F.B.I. special agent Douglas Fender from the Bristol, Virginia field office - who had NO first hand knowledge of the incident concerning the charges. A True and Correct copy of this Grand jury cover sheet is attached to this complaint and incorporated by reference in Exhibit number: One

2) The complainant was later superseded on March 15, 2011 by the same Grand jury, again based on the testimony of F.B.I. special agent Douglas Fender - again, who had NO first hand knowledge of the incident concerning the charges. A True and Correct copy of this Grand jury cover sheet is attached to this complaint and incorporated by reference in Exhibit number: Two

3) The only person to testify before the Grand jury in both indictments was F.B.I. special agent Douglas Fender. That no one - neither correctional officer nor inmate - who either responded to the incident or was involved in the incident testified before the Grand jury implicating the complainant as either being involved in the incident nor seen committing a criminal act.

4) On August 17, 2011 during the complainant's bench trial, the

government presented without submitting a witness list, Bureau of Prisons' correctional officer Lance Cole who was not listed in any pre-trial order, and who unexpectedly testified that complainant and an unidentified inmate were attacking another unidentified inmate, that he had physically refused his orders to get down and after the incident was over, had made a verbal signal which was answered by other inmates.

5) No documentation containing statements that would support or corroborate eyewitness Lance Cole's trial testimony was provided in the discovery material packet.

6) Procedure and common sense tells us that in order for the government to identify someone as a witness to a criminal act, that person would have to have made a statement implicating a suspect as being involved in or observed that suspect committing a criminal act. The F.B.I. manual specifies that if a witness agrees to speak to an agent, that agent is to conduct a full interview culminating in a written statement. Therefore, in order for F.B.I. special agent Douglas Fender to have testified before the Grand jury as to accounts he had NO first hand knowledge of - he would have had to have obtained that alleged information from a witness during an interview. Being that correctional officer Lance Cole was the only eyewitness the government presented to testify to complainant's alleged involvement in the incident, it's obvious that Cole gave a statement to F.B.I. special agent Douglas Fender or another F.B.I. agent from the Bristol, Virginia field office.

7) That for nearly 9 years, the complainant has filed Freedom of Information Act request with both the Federal Bureau of Prisons and the Executive Office for United States Attorney - requesting any and all statements (written and recorded) by witness correctional officer Lance Cole during interviews with investigators, which implicated complainant in the riot that occurred on September 9, 2009 at the USP-Lee County in Jonesville, Virginia - but that in each response, both the F.B.O.P. and the E.O.U.S.A. made clear that they have no records to satisfy his records.

8) On or about October and November of 2019 complainant filed a FOIA request with the F.B.I. Records/Information dissemination section requesting: any and all statements by government witness "Lance Cole" between September 9, 2009 through August 17, 2011 to F.B.I. special agents from Bristol, Virginia resident agency, implicating him fighting other inmates during the riot at USP-Lee County. A True and correct copy of this request is attached to this complaint and incorporated by refence in at Exhibit number: Three

9) On November 19, 2019, in response to the request, the F.B.I. stated they "were unable to identify records responsive to his request." A True and correct copy of this response is attached to this complaint and incorporated by reference in at Exhibit number: Four

10) The complainant appealed the response of the F.B.I.

to the Office of Information Policy.

11) On April 2, 2020 the acting chief of the Administrative appeals staff Matthew W. Hurd- affirmed the F.B.I.'s response, concluding complainant was making a request concerning records of a third-party individual. A True and correct copy of this response is attached to this complaint and incorporated by reference in at Exhibit number: Five

12) Complainant's request should not have been construed as a request for records of a third-party individual, where complainant specifically sought records of statements pertaining to him, made by a witness who testified against him during trial.

13) Prior to trial the complainant was provided a copy of a redacted and partial "Inmate Criminal matter for Investigation" which was included in the discovery material at Bates stamp: 000208. A True and correct copy of this document is attached to this complaint and incorporated by reference in at Exhibit number: Six

14) On September 11, 2015 the complainant received in response to his F.B.O.P. FOIA request, a copy of the Referral of an Inmate Criminal matter for Investigation"- which was unredacted and completed. The completed copy identified F.B.I. agent Douglas Fender as the investigating ▮ agent and that no incident reports were attached to the referral

(Page 5 of 7)

to create a brief synopsis of offense, where the purpose for referral was—assault on staff. But the complainant was not charged in any incident report with neither fighting, assault, rioting nor refusing an order. Which is why the special A.U.S.A. initially declined the prosecute the case. Also both referrals identify 3 suspects, the name of the other 2 primary suspects were redacted. But that only the complainant and one other inmate were indicted for the incident. Both the F.B.I. and the special A.U.S.A. withheld the identity of the third suspect as well as any information about his involvement in the incident.

15) The documents which the complainant seeks are exculpatory and impeaching material, where the only recorded statements federal correctional officer Lance Cole made to F.B.I. special agents during interviews implicated another inmate (the third inmate) and identified the complainant as one of two assault victims injured during the incident.

As a result of the withholding of government witness Lance Cole's statements to F.B.I. special agents described above, complainant was denied a fair trial guaranteed to him by the U.S. constitution.

The actions and omission described above by the complainant deprived him of the rights secured to him by the constitution of the United States.

(Page 6 of 7)

On the claims stated in paragraphs 14 and 15 the complainant ask this Honorable court to enter judgement against defendant's F.B.I., Christopher Wray, Douglas Fender and Matthew Hurd, and to order the production of all agency requested by complainant.

I, declare under the penalty of perjury that the foregoing is both true and correct.
On this 22nd day of May, 2020

                                            Respectfully, Submitted,
                                            Colin Hawkins #42786-037
                                            A.U.S.P.-Thomson
                                            P.O. Box #1002
                                            Thomson, IL 61285